IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00756-PAB-NYW

EDWARD NELLSON, individually, and on behalf of others similarly situated,

    Plaintiff,

v.

WARDEN J. BARNHART, in his official capacity, and
UNITED STATES FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

### ORDER
_____

This matter is before the Court on Defendants' Motion for Summary Judgment [Docket No. 58]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Edward Nellson is an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence"). Docket No. 58 at 3, ¶ 1. On March 31, 2020, Mr. Nellson filed a motion for temporary restraining order ("TRO") and preliminary injunction, requesting that the Court order USP Florence to begin instituting screening, testing, and isolation of both inmates and staff due to the COVID-19 pandemic. Docket No. 10 at 1-2.

On April 16, 2020, the Court denied plaintiff's motion for a TRO. *See* Docket No. 23. The Court concluded that plaintiff (1) had failed to exhaust administrative

---

[1] The following facts are undisputed unless otherwise indicated.

remedies, (2) had not shown the likelihood irreparable harm in the absence of a TRO, and (3) failed to show a likelihood of success on the merits. *Id.* at 6-14. On June 4, 2020, the Court denied plaintiff's motion for preliminary injunction. *See* Docket No. 45. The Court concluded that plaintiff had failed (1) to show irreparable harm or (2) a likelihood of success on the merits. *Id.* at 12-18. On July 16, 2020, plaintiff filed an amended complaint alleging that USP Florence is failing to take various steps, in addition to the lack of screening, isolation, and testing alleged his initial complaint, to prevent the spread and infection of COVID-19 at USP Florence. *See* Docket No. 56.

Prior to filing suit, plaintiff did not file any administrative grievances related to the COVID-19 pandemic. Docket No. 58 at 4, ¶ 3. On April 20, 2020, four days after the Court's order on plaintiff's motion for TRO, plaintiff filed Administrative Remedy No. 1014848. *Id.*, ¶ 5. That remedy complained that USP Florence had failed to take appropriate steps to protect inmates at USP Florence. *Id.*, ¶ 6. The Warden at USP Florence denied the remedy on April 21, 2020. *Id.*, ¶ 7. Plaintiff appealed his denial on April 27, 2020. *Id.* at 6, ¶ 13. On May 6, 2020, the Regional Office determined that it needed more time to respond to plaintiff's appeal and that it would respond by June 26, 2020. *Id.*, ¶ 14. The Regional Office did not respond to plaintiff's appeal by June 26, 2020. *Id.*, ¶ 15. Plaintiff has not filed an appeal to the Central Office. *Id.*, ¶ 18.[2]

On July 27, 2020, defendants filed a motion to dismiss, arguing that plaintiff had failed to exhaust administrative remedies before filing suit. *See* Docket No. 58.

---

[2] The reason for plaintiff's failure to appeal to the Central Office is in dispute, although it is not in dispute that plaintiff has yet to file an appeal. *See* Docket No. 63 at 3, ¶ 18.

Plaintiff filed a response on August 17, 2020. See Docket No. 63.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. Wright v. Abbott Labs., Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. Faustin v. City & Cty. of Denver, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. Allen v. Muskogee, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Bausman v. Interstate Brands Corp., 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." Concrete Works of Colo., Inc. v. City & Cty. of Denver, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III. ANALYSIS

Defendants argue that it is undisputed that plaintiff did not exhaust administrative remedies prior to filing suit and, as a result, they are entitled to summary judgment. Docket No. 58 at 13-14. Plaintiff responds that he did not attempt to exhaust administrative remedies before filing suit because he thought that administrative remedies were unavailable and that he has since been thwarted from completing the administrative grievance process. Docket No. 63 at 10-13.

As addressed in the order denying the TRO, plaintiff is required to exhaust his administrative remedies before seeking judicial relief. *See* Docket No. 23 at 6-10. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate's obligation to exhaust administrative remedies is mandatory. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA."). The only

exception to exhaustion is that an inmate is only required to exhaust "available" remedies. *See Ross*, 136 S. Ct. at 1856. Critically, administrative remedies must be exhausted before filing suit; an inmate is not permitted to exhaust remedies during the pendency of litigation. *See Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (unpublished) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." (citations omitted)); *see also Woodford v. Ngo*, 548 U.S. 81, 94-96 (2006) (holding that the PLRA requires "proper" exhaustion such that the entire administrative process is completed before filing suit).

The Court agrees with defendants that plaintiff has failed to exhaust administrative remedies and, as a result, defendants are entitled to summary judgment. The undisputed evidence shows that plaintiff did not file any administrative grievances related to the COVID-19 pandemic before filing suit. Docket No. 58 at 4, ¶ 3. His first grievance was filed four days after the Court's April 16, 2020 order on plaintiff's motion for TRO. *Id.*, ¶ 5.

Plaintiff does not dispute that he failed to exhaust administrative remedies before filing suit. Rather, he argues that he believed that "the administrative remedy system was unavailable to address his concerns about the growing COVID-19 pandemic." Docket No. 63 at 8. However, as plaintiff notes, *id.*, the Court already rejected this argument in its April 16, 2020 order. *See* Docket No. 23 at 8-10. Specifically, the Court concluded that "total and immediate relief is not the standard for exhaustion, the possibility of some relief is." *Id.* at 10 (quotations and citations

5

omitted).  Furthermore, the Court noted that the administrative grievance process at issue contains a means for addressing imminent concerns.  *Id.* at 9.  Nonetheless, relying on Justice Sotomayor's statement in denying an application to vacate a stay in a PLRA exhaustion case, plaintiff argues that the administrative remedy process was practically unavailable to him when he initiated suit because of the length of the grievance procedure.  Docket No. 63 at 9-10.  Moreover, he argues that his experience since beginning the exhaustion process demonstrates that administrative remedies are unavailable.  *Id.* at 10.  In particular, he takes issue with the COVID-19 safety measures instituted by USP Florence – the basis for his suit – and the length it has taken to exhaust administrative remedies.  *Id.*

The Court finds this argument unpersuasive.  First, plaintiff takes Justice Sotomayor's comments out of context.  Justice Sotomayor chose to write separately due to the "disturbing allegations."  *Valentine v. Collier*, 140 S. Ct. 1598, 1598 (2020) (mem.).  Specifically, the facility in *Valentine* housed a significant number of at-risk inmates and was a "dormitory-style prison, with each inmate separated by only a short, cubicle-style half-wall."  *Id.* at 1599.  That is not the case here, as explained in the Court's order denying plaintiff's motion for preliminary injunction.  Moreover, USP Florence has taken several steps to reduce the risk of transmission, including all of the precautions plaintiff requested in his original complaint.  Docket No. 45 at 12.

Second, Justice Sotomayor did not create a blanket exemption to exhaustion during the COVID-19 pandemic.  Rather, she noted that, "if a plaintiff has established that the prison grievance procedures at issue are utterly incapable of responding to a

rapidly spreading pandemic like COVID-19, the procedures *may* be 'unavailable.'" *Valentine*, 140 S. Ct. at 1600 (emphasis added).  But Justice Sotomayor further stated that this is a "narrow category" and that she could not discern whether the facility at issue fit into this narrow exception because the "applicants did not attempt to avail themselves of the grievance process *before filing suit*."  *Id.* at 1601 (emphasis added).  Only when the grievance process "cannot or does not answer" the imminent risk of harm, "could . . . the courthouse doors" be opened.  *Id.*

Like the applicants in *Valentine*, plaintiff did not avail himself to the administrative process before filing suit.  The PLRA requires dismissal when an inmate fails to exhaust remedies before filing suit "without regard to concern for judicial efficiency."[3]  *Ruppert*, 448 F. App'x at 863.  Plaintiff has failed to demonstrate that this case fits into the narrow category that Justice Sotomayor noted or that there is a genuine issue of material fact that prevents dismissal.

## IV.  CONCLUSION

For the foregoing reasons it is

**ORDERED** Defendants' Motion for Summary Judgment [Docket No. 58] is **GRANTED**.  It is further

**ORDERED** Defendants' Motion to Dismiss [Docket No. 59] is **DENIED** as moot.  It is further

---

[3] Additionally, any alleged thwarting of plaintiff's attempts to complete the administrative process at the Central Office level do not bear on whether plaintiff exhausted remedies prior to filing suit, which is the appropriate period to judge exhaustion.

**ORDERED** that Defendants' Motion to Stay Discovery [Docket No. 61] is **DENIED** as moot.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED** without prejudice.  It is further

**ORDERED** that this case is closed.

DATED October 22, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge